UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL KILBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20 CV 211 ACL |
| | ) | |
| AUTOSPORT ACQUISITIONS, LLC, | ) | |
| and TIMOTHY SUHANICH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Complaint of Plaintiff asserting a negligence action against Defendants arising from injuries sustained in an automobile accident.  This action was originally filed in the Circuit Court of Perry County, Missouri, and was removed to this Court by Defendants on the basis of diversity jurisdiction.  Presently pending before the Court is Defendants' Motion to Strike and/or Dismiss.  (Doc. 7.)

## I.    Legal Standards

 With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.  *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light

most favorable to the plaintiff).  Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556.  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).  However, striking a party's pleading is a disfavored and extreme measure. *Id.* (citation omitted).

## II.   Discussion

Defendants argue that Plaintiff's claim for punitive damages should be dismissed or stricken because Plaintiff did not seek leave of court to file his claim as is required by Missouri Revised Statute § 510.261(5).

Under a new Missouri statute, effective for all claims filed on or after August 28, 2020, "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award.  Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court." Mo. Rev. Stat. § 510.261(5).  Plaintiff's Petition was filed on September 4, 2020.

In response to Defendants' Motion, Plaintiff argues that the Missouri statute does not apply in this federal diversity action because it is a procedural rule.  Plaintiff contends that the Federal Rules of Civil Procedure allow for the filing of a punitive damages claim without leave

2

of court.  Plaintiff argues that this conflict must be resolved in favor of the Federal Rule.

The Supreme Court in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*, 559 U.S. 393 (2010), instructs that "[a] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting *Shady Grove*, 559 U.S. at 398-99).  Courts need not "wade into *Erie*'s murky waters" when the Federal Rule satisfies both requirements.  *Shady Grove*, 559 U.S. at 398.

The question in this case, then, is whether the Federal Rules conflict with § 510.261(5) by "answering the same question" in a different way—and, if so, whether application of the Federal Rules would violate the Rules Enabling Act.  The Court notes that the United States Court of Appeals for the Eighth Circuit has not yet addressed this question.

Federal Rule of Civil Procedure 8 governs the requirements of a pleading.  Rule 8 does not bar claims for punitive damages from being pleaded in a complaint.  To the contrary, Rule 8(a) provides that a complaint "must contain" both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2) and (3).  Rule 8 therefore authorizes a plaintiff to "request any and all of the relief sought ... in all pleadings that state a claim (including initial complaints)."  *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999), *vacated in part on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (en banc).

Section 510.261(5) and Rule 8 answer the same question—may a punitive damages claim be included in an initial complaint?—in opposite ways:  § 510.261(5) answers the question "no—never."  Rule 8 answers the question "yes—always."  *See Shady Grove*, 559 U.S. at 401

3

n.4 (explaining that a conflict exists between state law and the Federal Rules when both sources of law address "the procedural right to maintain" an action in federal court).

The Court must next determine whether Rule 8 is valid under the Rules Enabling Act, Title 28, United States Code, § 2072.  There is a high bar to challenge a rule under the Rules Enabling Act, and the Supreme Court has rejected every challenge to a federal rule that has come before it.  *Shady Grove*, 559 U.S. at 407.  The Rules Enabling Act empowers the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence" for the federal courts, 28 U.S.C. § 2072(a), but ... such rules "shall not abridge, enlarge or modify any substantive right" *id.* § 2072(b).  *Id.*  A rule is properly categorized as procedural if it "really regulates procedure[.]"  *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941).  Here, Rule 8 governs the pleading standard and content of a complaint.  As such, it regulates procedure, and is valid under the Rules Enabling Act.

Because Rule 8 applies in this case, and it does not require that Plaintiff seek leave of court to assert a claim for punitive damages, Defendants' Motion to Strike or Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike and/or Dismiss (Doc. 7) is **denied**.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of January, 2021.

4